

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00148-CV

CITY OF FAIRFIELD,

                                                    Appellant

v.

CITY OF TEAGUE,

                                                    Appellee

From the 87th District Court
Freestone County, Texas
Trial Court No. CV 18-334-B

***

### No. 10-19-00171-CV

CITY OF TEAGUE,

                                                    Appellant

v.

CITY OF FAIRFIELD AND
ITS MAYOR KENNETH HUGHES,
IN HIS OFFICIAL CAPACITY,

                                                    Appellees

## REFERRAL TO MEDIATION ORDER

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073. The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002. Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that these appeals are appropriate for mediation. *See id.* § 154.021(a).

The Court assigns the Honorable Deborah Hankinson as the mediator for these proceedings. Her address and contact number are as follows:

Deborah Hankinson
3838 Oak Lawn Avenue
Suite 1000
Dallas, TX 752191
(214) 754-9185

Mediation must occur within 60 days from the date of this Order.

No less than seven calendar days before the first scheduled mediation session, each

City of Fairfield v. City of Teague
City of Teague v. City of Fairfield, et al.

Page 2

party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

The mediator may make any orders determined to be necessary or appropriate to conduct the ordered mediation in such a way that the mediation has the best opportunity to reach a successful result. The mediator's orders may include, but are not limited to, ordering the mediation to occur entirely via Zoom or some other media option, ordering the mediation to occur entirely in person at a place and time that the mediator determines is reasonable in light of the timing of the issues that need to be resolved, and/or assessing the cost of mediation other than equally if one of the parties seeks accommodations that the mediator determines are not of equal benefit to all the parties.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the cases did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee or other arrangements are negotiated or ordered by the mediator as authorized above,

the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the entire mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer these appeals to mediation.

The appeals and all appellate deadlines are suspended as of the date of this Order. The suspension of these appeals is automatically lifted when the mediator's report to the Court is received. If the matters are not resolved at mediation, any deadline that began to run and had not expired by the date of this Order will begin anew as of the date the Court receives the mediator's report. Any document filed by a party after the date of this Order and prior to the filing of the mediator's report will be deemed filed on the same day, but after, the mediator's report is received.

PER CURIAM

Before Chief Justice Gray, and
     Justice Johnson
Referred to mediation
Order issued and filed June 7, 2021
[RWR]

